19770

Woodrow Clifton SMITH, Respondent, v. GEORGE WASHINGTON
LIFE INSURANCE COMPANY, Appellant
(202 S. E. (2d) 654)

*Messrs. Herbert, Dial & Windham,* of Columbia, *for Appellant,*

*Messrs. Kirkland, Aaron & Alley,* of Columbia, *for Respondent,*

*Messrs. Herbert, Dial & Windham,* of Columbia, *for Appellant, in Reply.*

February 11, 1974.

Brailsford, Justice:

This action on an accident and health insurance policy in which plaintiff claimed coverage for sickness originating

wth a heart attack on March 26, 1968, was submitted to the county court on the pleadings and a stipulation of facts. The defendant appeals from judgment for plaintiff. The policy was issued October 1, 1967, upon payment of the application fee and first monthly premium. The premiums for November, December and January were paid. The premium due February 1, 1968, was not paid and the policy lapsed as of that date upon expiration of the thirty-one-day grace period on March 2, 1968. The policy wes reinstated by the defendant's acceptance of plaintiff's check for one month's premium isued March 18, 1968, and received by defendant in due course of mail. In our view of the case, the clear terms of Section 37-474(4), Code of 1962, which, as required by the statute, were incorporated in the contract, preclude recovery for loss due to sickness originating within ten days of the reinstatement of the policy.

Under the statute and corresponding policy provision the acceptance of a premium on a lapsed policy, without requiring an application for reinstatement, reinstates the policy. However, "(t)he reinstated policy shall cover only loss resulting from such accidental injury as may be sustained after the date of reinstatement and loss due to such sickness as may begin more than ten days after such date." Sec. 37-474(4), *supra,* incorporated *verbatim in the policy.*

The check for the premium was not issued until March 18, 1968. Plaintiff's heart attack occurred on March 26, 1968. In any view of the matter, the sickness began within ten days of acceptance of the premium and consequent reinstatement of the policy. Hence, the statutory and contractual limitation on the sickness coverage of the reinstated policy applies and requires denial of plaintiff's claim.

We find no merit in plaintiff's claim that by accepting the premium of March 18, and another paid on March 31, the defendant is estopped to deny coverage. The defendant concedes that the policy was reinstated by its acceptance of the first premium paid after its

lapse on March 2. It simply denies liability because plaintiff's claim falls squarely within the statutory and contractual limitation on the coverage of the policy so reinstated.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.